```
             IN THE UNITED STATES DISTRICT COURT
          FOR THE WESTERN DISTRICT OF PENNSYLVANIA


DOUGLAS D. KESSLER,            )
          Petitioner           )
                               )
     vs.                       )    Judge David Stewart Cercone/
                               )    Magistrate Judge Amy Reynolds Hay
JUDGE JOHN H. FORADORA;        )    C.A. 06-934
JEFFERSON COUNTY COURT OF      )
COMMON PLEAS; DISTRICT         )
ATTORNEY JEFFERY D. BURKET;    )
JEFFERSON COUNTY JAIL; WARDEN  )
DAVID J. RILEY; WARDEN DANIEL  )
W. OGDEN,                      )
          Respondents          )
```

## REPORT AND RECOMMENDATION

I.   Recommendation

It is respectfully recommended that the petition for writ of habeas corpus in the above-captioned case be dismissed for failure to prosecute.

II.  Report

The petitioner, Douglas Kessler, submitted his Petition for Writ of Habeas Corpus on July 14, 2006. At the time of filing, he did not pay the filing fee or submit a motion for permission to proceed in forma pauperis. Accordingly, on August 17, 2006, the Court issued an Order directing the petitioner to either pay the $5.00 filing fee or submit an appropriate pauper's motion by August 31, 2006. Petitioner failed to comply with the Order and, therefore, the Court issued a Rule to Show Cause Order on September 20, 2006, directing petitioner to show cause by

October 4, 2006. To date petitioner has not responded to the Show Cause Order or paid the filing fee or moved to proceed in forma pauperis.

It is clear that the punitive dismissal of an action for failure to comply with court orders is left to the discretion of the Court. <u>Mindek v. Rigatti</u>, 964 F.2d 1369 (3d Cir. 1992). In determining whether an action should be dismissed as a sanction against a party the Court must consider six factors. These factors, as set forth in <u>Poulis v. State Farm Fire and Casualty Company</u>, 747 F.2d 863, 868 (3d Cir. 1984), are as follows:

(1) The extent of the party's personal responsibility.

(2) The prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery.

(3) A history of dilatoriness.

(4) Whether the conduct of the party or the attorney was willful or in bad faith.

(5) The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions.

(6) The meritoriousness of the claim or defense.

Consideration of these factors reveals that the instant action should be dismissed.                          s

Factors 1, 3, and 4 all relate to petitioner's failure to comply with this Court's Orders which weighs heavily against him. His obligation to respond to Court orders is not only solely his personal responsibility but his failure to do even

2

beyond the deadlines imposed appears to be willful and constitutes a history of dilatoriness.

With respect to the second factor -- the prejudice caused to the adversary by plaintiff's failure to comply with this Court's Orders -- there appears to be no specific prejudice to respondents other than general delay.  Similarly, factor No. 6 -- the meritoriousness of the claim -- will be weighed neither in favor nor against plaintiff, although it appears that respondents may have meritorious defenses.  Nevertheless, "[n]ot all of these factors need be met for a district court to find dismissal is warranted."  Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988).

The final factor to consider is the effectiveness of sanctions other than dismissal.  Since the financial status of the petitioner is not known to the Court, monetary sanctions may not be appropriate.  Petitioner has twice ignored the Court's Orders.  Because compliance with said Orders would have permitted his case to go forward, his failure to respond evidences that petitioner has no serious interest in pursuing this case.  Therefore, dismissal is the most appropriate action for this Court to take, and it is respectfully recommended that the petition in the above-captioned case be dismissed since no other sanctions will serve justice.  Mindek, supra; Titus v. Mercedes Benz, 695 F.2d 746 (3d Cir. 1982).

Within ten (10) days after being served with a copy, any party may serve and file written objections to this Report and Recommendation.  Any party opposing the objections shall have seven (7) days from the date of service of objections to respond

3

thereto.  Failure to file timely objections may constitute a waiver of any appellate rights.

                                             Respectfully submitted,

                                             /s/ Amy Reynolds Hay
                                             AMY REYNOLDS HAY
                                             United States Magistrate Judge

Dated:    11 October, 2006

          Hon. David S. Cercone
          United States District Judge

          Douglas D. Kessler
          Jefferson County Prison
          578 Service Center Road
          Brookville, PA 15825